IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br><br>v.<br><br>ARTEAGA-CENTENO,<br><br>    Defendant. | Case No. 18-cr-00332-CRB-1<br><br>**ORDER GRANTING MOTION FOR RELEASE FROM CUSTODY AND STAYING RELEASE** |

Defendant Jose Luis Arteaga-Centeno moves for release from custody in light of this Court's Odrder granting Defendant's Motion to Dismiss the Indictment. Mot. (Dkt. 41); Order Granting Mot. to Dismiss (Dkt. 35). The Government opposes that Motion. Opp. (Dkt. 43).

This Court has recently set forth the factual and procedural history of this case. See Order on United States' Rule 37 Mot. (Dkt. 48); see also Order Granting Mot. to Dismiss. In the interest of brevity, then, the Court assumes the parties' familiarity with the background of this case.

For the reasons that follow, the Court GRANTS the Motion for Release from Custody, but STAYS that Order until 5:00 p.m. on Tuesday, February 12, 2019.

## I. DISCUSSION

### A. Motion for Release From Custody

Defendant contends that because the Court has dismissed his indictment, there is no authority to continue his detention. Mot. for Release from Custody at 2-4. The Government responds that the Bail Reform Act permits detentions pending appeals even in cases, like

this one, where the entirety of the indictment has been dismissed. Gov. Opp. at 3-5.

There is little precedent addressing the specific question that the Court faces here: whether the Court may continue a person's pretrial detention after their entire indictment is dismissed while the Government pursues an appeal of that dismissal. See Mot. at 1; Order Granting Mot. to Dismiss; Indictment (Dkt. 1). As far as this Court is aware, the Ninth Circuit has yet to address this issue. The relevant statutes, however, provide clear guidance.

The Government's appeal of a district court's order in a criminal case is governed by 18 U.S.C. § 3731, which provides that:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or <u>order of a district court dismissing an indictment</u> or information or granting a new trial after verdict or judgment, as to any one or more counts, or any part thereof, except that no appeal shall lie where the double jeopardy clause of the United States Constitution prohibits further prosecution.

Id. (emphasis added).

Next, 18 U.S.C. § 3143(c) instructs that:

> The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order . . . the judicial officer, in a case in which an appeal has been taken by the United States under section 3742, shall—(1) if the person has been sentenced to a term of imprisonment, order that person detained; and (2) in any other circumstance, release or detain the person under section 3142.

Id. So, because the government has filed an appeal under § 3731 by seeking an appeal "from a[n] . . . order of a district court dismissing an indictment," id. § 3731, under § 3143, the Court must treat Defendant "in accordance with section 3142." Id. § 3143(c).

Section 3142, in turn, states:

> Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—(1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section; (2) released on a condition or combination of conditions under subsection (c) of this section; (3) temporarily detained to permit revocation of

2

conditional release, deportation, or exclusion under subsection (d) of this section; or (4) detained under subsection (e) of this section.

18 U.S.C. § 3142(a). Subsection (e) instructs a court to "order the detention of the person before trial" if it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." Id. § 3142(e)(1). In determining whether there are conditions that would ensure the person's appearance and community safety, subsection (g) sets forth a number of factors the court should consider. Id. § 3142(g).

There is no doubt that in the mine run of cases when the government appeals a district court order in a criminal matter the defendant may be detained pursuant to the above-described statutory regime. See, e.g., United States v. Hudson, 3 F. Supp. 3d 772, 790 (C.D. Cal.), rev'd and remanded sub nom. on other grounds United States v. Dunlap, 593 F. App'x 619 (9th Cir. 2014) (citing cases); United States v. Jay, 261 F. Supp. 2d 1235, 1236 (D. Or. 2003) (ordering defendants detained pending government's appeal of court's order on motion to suppress). However, as Defendant points out, most of those cases have a key feature that this case lacks, and one that § 3142(a) requires: that the person whom the government urges should be detained have been "charged with an offense," 18 U.S.C. § 3142(a); see Mot. at 1-2.

That distinction matters, Defendant urges, because the basis for possible detention under § 3142 is the existence of an indictment to supply such a charged offense, and, here, there is no such indictment upon which detention could be based. Mot. at 1 (citing 18 U.S.C. § 3142(a)).

Two district courts have adopted this reasoning. First, in United States v. Hudson, the court dismissed the defendant's indictment and ordered the defendant released from custody. 3 F. Supp. 3d at 788. The government then filed a motion for reconsideration of the order releasing the defendant, arguing, as the Government has here, that the defendant's continued detention was both permitted and warranted. Id. at 789.

The court rejected the government's contention because "[s]ince there is no longer

3

an operative indictment, there is no possible way for the Court to further restrain [the defendant's] liberty." Id. Hudson pointed out that the plain text of § 3142 applies only to "a person charged with an offense," and "[w]hen the Court dismissed the indictment, [the defendant] was no longer 'charged with an offense.'" Id. at 790 (citing 18 U.S.C. § 3142(a)).

Hudson also rejected the argument "that § 3143(c) compels a different result." Id. The court reasoned that:

> Section 3143 states that the "judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title." The Government has in fact appealed—or at least will likely appeal—the Court's Order Dismissing the Indictment as authorized under § 3731. That would seem to trigger mandatory application of § 3142.
>
> But as noted above, there is no possible way that the Court could apply § 3142 to [the defendant] at this time, because there is no valid indictment against him. The Government asks the Court to issue a bench warrant to re-arrest [the defendant]. But on what charge? It would run completely afoul of the Constitution for the Court to simply order that a person sit in jail because at some unknown point in the future an appellate court might reverse the court order that dropped the charges against him.

Id. (internal citations omitted). The court thus denied the government's motion for reconsideration, concluding that "[w]hile future events may inject [defendant] back into the prosecutorial machine, he is not currently subject to detention." Id. at 791; see also United States v. Sales, 2014 WL 3728364 at *4 (D. Me. July 25, 2014) ("This Court agrees with . . . the Central District of California . . . Properly interpreted, Section 3142 does not allow the Government to detain an individual who is not "charged with an offense.").

That reasoning applies here. As in Hudson and Sales, once this Court granted Defendant's Motion to Dismiss, there was no "charged . . . offense" on which the Court could order him detained. See 18 U.S.C. § 3142(a); Order Granting Mot. to Dismiss. The Court therefore must grant Defendant's Motion for Release from Custody.

The government argues that Hudson and Sales "were wrongly decided." Gov. Opp. at 4. It offers three arguments for that position. First, it urges, "these decisions suggest that

4

appeals from dismissals of single-count indictments are somehow different from multi-count indictments, at least as far as the Bail Reform Act is concerned. These statutes do not support such a distinction. 18 U.S.C. § 3731 does not distinguish between types of government appeals. It has no carve outs, exceptions, or hierarchy to distinguish between appeals from a dismissal, suppression order, or detention order, let alone single-count and multi-count indictments." Id. at 5.

The government is undoubtedly correct that § 3731 "does not distinguish between types of government appeals," but that is irrelevant to whether, under § 3142, a person may be detained without a pending charge. And as to that question, for the reasons Hudson explained, the answer is clear: A person may only be detained under § 3142 when they are "charged with an offense." 18 U.S.C. § 3142(a); Hudson, 3 F. Supp. 3d at 790. As it stands, Defendant is not charged with an offense. See Order Granting Mot. to Dismiss.

Second, the government argues, "§ 3143(c) does not distinguish between multi-count and single-count indictments when directing the courts to apply the Bail Reform Act pending appeal under section 3731." Gov. Opp. at 5. As with the Government's first argument, however, while this is true, it has no effect on this Court's analysis. And that is because the basis for this Court's continued ability to determine whether to detain the Defendant does not turn on the type of appeal under § 3143, but on whether there is a pending charge that could supply this Court with the authority, under § 3142, to detain him. Section 3143(c)(2) simply directs the court to "treat a defendant in a case in which an appeal has been taken by the United States . . . in accordance with section 3142." 18 U.S.C. § 3143(c)(2). As already explained, because § 3142 recognizes as a threshold matter the need for a charged offense on which to premise a defendant's potential detention. See id. § 3142(a), there is a difference between an appeal taken from the dismissal of an entire indictment and the dismissal of one count of a multi-count indictment. In the latter case, there is still a pending charge that provides the requisite basis for the § 3142 inquiry, see id. On the former, by contrast, once a Court dismisses the indictment, a defendant is no longer "charged with an offense." See id.; Hudson, 3 F.

5

Supp. at 790. So, the nature of the appeal—from the dismissal of an entire indictment or from other types of orders—is relevant not to § 3143 but to § 3142(a). See 18 U.S.C. §§ 3142(a), 3143.

Third and finally, the government argues that, as a practical matter, if the Ninth Circuit reinstates the indictment or this Court grants a motion for reconsideration as to the indictment, "[t]he government will not need to re-file any charges, or otherwise initiate proceedings, which underscores that there is a charge on which to hold the defendant and on which to reach the question of detention." Opp. at 5. But the Government provides no support, or indeed, explanation, for the claim that because an indictment might be reinstated, the dismissed indictment can be the basis of a "charged . . . offense" under § 3142(a). The Court thus finds the Government's arguments unpersuasive.[1]

The Court thus concludes that it lacks the authority under 18 U.S.C. § 3142(a) to detain Defendant. The Court thus GRANTS the Defendant's Motion for Release from Custody.

### B. Stay of Release

Although, for the reasons explained above, the Court lacks the authority under § 3142 to

---

[1] The Court is also unpersuaded by the three cases the Government relies on in arguing that this Court retains the authority under 18 U.S.C. § 3142(a) to detain Defendant. Gov. Opp. at 4. The first, a footnote from a dissent in an en banc Seventh Circuit decision, merely states the noncontroversial proposition that "[f]or purposes of pretrial release, when the government takes an appeal pursuant to section 3731, 18 U.S.C. § 3143(c) requires the district court to treat the defendant as if the case were still active and apply the criteria set forth in 18 U.S.C. § 3142." United States v. Davis, 793 F.3d 712, 729 n.5 (7th Cir. 2015) (Rovner, J., dissenting); Gov. Opp. at 4, 5. While true, the statement that the case must be viewed as "active" and that § 3142 must be applied to it does not provide support for the Government's claim that a defendant without any charged offense may nevertheless be detained. It simply instructs courts to apply § 3142 while the government's appeal is pending. Davis, 793 F.3d at 729 n.5 (Rovner, J., dissenting). In the second, the court dismissed all but one count against the defendant—and so there remained one offense with which the defendant was charged. United States v. Ailemen, 165 F.R.D. 571, 574 (N.D. Cal. 1996). Finally, in the third, when the indictment was dismissed in its entirety, the Court did not detain him. United States v. McMichael, 2018 WL 6722783, at *11 (W.D. Mich. Oct. 5, 2018). While McMichael also determined that "the terms of release" on the defendant pending a possible notice of appeal, McMichael neither addressed, as this Court does, a motion for release from custody, nor it did offer any explanation as to whether that decision was consistent with the requirement of § 3142(a). See id.; see also 18 U.S.C. § 3142(a).

6

continue to detain Defendant, the Court recognizes that the Government is in the process of requesting that the Ninth Circuit remand this case for further proceedings. Gov. Resp. to Court's Request (Dkt. 50). The Government indicates that it will then ask this Court to reconsider its Order Granting Defendant's Motion to Dismiss the Indictment. Id.; see also Order on United States' Rule 37 Motion (Dkt. 48). Moreover, as this Court has already explained, in light of recent Ninth Circuit precedent, this Court has determined that such a motion for reconsideration by the Government, at the least, "raises a substantial issue." Order on United States' Rule 37 Motion at 9. Because the Ninth Circuit may rule expeditiously on the Government's motion to remand for further proceedings, the Court stays its Order Granting Defendant's Motion for Release from Custody until **5:00 p.m. on Tuesday, February 12, 2019**. See United States v. Dejarnette, 2010 WL 530090, at *1 (N.D. Cal. Feb. 6, 2010), rev'd and remanded on other grounds, 403 F. App'x 188 (9th Cir. 2010) (granting defendant's release from custody and staying release).

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion for Release from Custody, and STAYS Defendant's release until 5:00 p.m. Tuesday, February 12, 2019.

**IT IS SO ORDERED.**

Dated: February 6, 2019

CHARLES R. BREYER
United States District Judge